SHEVIN, Judge,
specially concurring.
I wholeheartedly agree with the majority’s decision to affirm the order terminating Alicia Ventura’s parental rights with her two young daughters. I write separately because a careful review of the trial court’s fifty-five page order demonstrates that the trial judge did an exemplary job in considering and analyzing the extensive testimony and evidence presented during the five-day trial. The court heard the testimony of twenty-two witnesses, including eight mental health care experts, the mother and the grandparents. The order is commendable in both its clarity and reasoning.
In this case, the children’s best interests clearly are served by the termination of parental rights. The evidence adduced at the hearing demonstrated that the two children, both of whom were born when the mother was still a teenager, have been forced to witness their mother’s continuous involvement in an endless array of gang and drug-related activities. As a result, both girls have suffered from severe behavioral, educational, and emotional problems. Neither daughter feels any bond with the mother or wants to be returned to the mother. They have bonded with and feel safe with their foster family. The court’s order correctly praised the foster family’s “phenomenal efforts” on the children’s behalf.
No evidence was presented to establish any factors in favor of reunification. See § 39.4612(1)-(11), Fla. Stat. (1995). In fact, the court correctly concluded that reunification would be extremely detrimental to both children. Simms v. State, Dept. of Health & Rehab. Servs., 641 So.2d 957 (Fla. 3d DCA), review denied, 649 So.2d 870 (Fla.1994). The court’s expert summed up the children’s experiences best:
these children have endured “every kind of harm a human being can experience— chronic, on-going, emotional, psychological, mental, intellectual and moral harm. For most of their developmental life, they were exposed to severe parental deprivation and lack of any mothering. They have had no role model, have never had the comfort of knowing that there was somebody there.”
I’m not unmindful that the termination of parental rights is a very emotionally difficult matter because, when granted as here, it permanently severs the tie between parent and child. However, in a case such as this, where there is very clear and convincing evidence of neglect and abandonment of the children by the mother, the trial court reached a proper conclusion.